MANUFACTURERS NATIONAL BANK v HUGHES

HUGHES v HUGHES

DIVORCE—ALIMONY—ABATEMENT—INTERPRETATION OF JUDGMENT—INTENT OF PARTIES.

Alimony terminated on the death of the husband where the divorce judgment provided that the husband was to pay $600 per month alimony, that if the husband died while obligated to pay alimony, insurance on the husband's life, in the amount of $22,500, which the husband was required to maintain, should be paid the wife in a lump sum in lieu of 37–1/2 months alimony, a trust was ordered created of the husband's share in a profit-sharing program and insurance for the benefit of the children until the youngest child attained majority, and the husband was ordered not to change, amend, alter, or revoke his will and codicil, which left the wife nothing, because the intent of the parties, as shown by the divorce judgment, was that on the death of the husband the payment of $22,500, equal to 37–1/2 months alimony, would end the husband's obligation.

Appeal from Oakland, Robert L. Templin, J. Submitted Division 2 December 13, 1971, at Lansing. (Docket Nos. 10068, 10069.)  Decided January 18, 1972.  Leave to appeal denied, 387 Mich 785.

REFERENCE FOR POINTS IN HEADNOTE

24 Am Jur 2d, Divorce and Separation § 642.

Complaint by Manufacturers National Bank, the executor of the estate of Arthur V. Hughes, against Patricia M. Hughes for interpretation and modification of a divorce judgment. Ina R. Hughes was allowed to intervene as a party plaintiff. Judgment for defendant. Plaintiff and intervening plaintiff appeal. Reversed and remanded with instructions.

*Campbell, Lee, Kurzman & Leitman,* for plaintiff.

*Renfrew, Edberg & Rossman,* for intervening plaintiff.

*Calvin Klyman,* for defendant.

Before: QUINN, P. J., and J. H. GILLIS and VAN VALKENBURG,* JJ.

QUINN, P. J. A statement of some underlying facts at the outset of this opinion may clarify what is involved in this litigation, its disposition by the trial court, and our disposition on appeal.

Arthur V. Hughes and Patricia M. Hughes were married March 7, 1940, when Arthur V. Hughes was a civil service employee of the United States earning about $19 per week. The parties were divorced August 31, 1964. During the 24 years of marriage, the parties had three children: a son born in August 1943, a daughter born June 25, 1947, and a son born February 19, 1954. During this same period, Arthur V. Hughes advanced from a civil service employee to vice-president of a corporation, earning approximately $30,000 per year.

Provisions of the divorce judgment pertinent to present decision are:

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

1. Arthur V. Hughes to make support payments of $150 per month for the youngest child until it attained 18 years of age or until the further order of the court, and to pay all reasonable medical, dental, and hospital expenses incurred on behalf of this child.

2. Arthur V. Hughes to pay alimony of $600 per month to Patricia M. Hughes until the further order of the court, the same to abate if Patricia M. Hughes remarried.

3. Arthur V. Hughes to maintain insurance on his life in the amount of $22,500 payable to Patricia M. Hughes as beneficiary. In the event of Arthur V. Hughes died while obligated to pay alimony, Patricia M. Hughes was to receive the insurance immediately in a lump sum in lieu of 37-1/2 months alimony.

4. Marital home and all appurtenances, furniture and personal property therein to Patricia M. Hughes, as well as an automobile, all bank accounts, stocks and bonds, in her name, possession or control.

5. Arthur V. Hughes received an automobile, his bank accounts, stocks, and bonds.

6. Created a trust of Arthur V. Hughes' share in the profit-sharing trust of his employer and $32,500 of insurance on his life until February 17, 1975, when the youngest child attained a majority, for the benefit of the children. Ordered Arthur V. Hughes not to change, amend, alter, or revoke his will of May 7, 1963, and a codicil thereto of May 11, 1964, both of which were made a part of the judgment. The codicil, executed during the pendency of and in contemplation of the divorce, left Patricia M. Hughes nothing.

Arthur V. Hughes married Ina R. Hughes January 25, 1969, and he died May 2, 1969. This action

was filed by his executor for interpretation and modification of the divorce judgment. His widow was permitted to intervene as a party plaintiff.

The trial court found:

1. Unless the decree provides otherwise, alimony is payable after death as a matter of law.

2. The decree in issue does not so provide and the intent thereof was that alimony continue after death.

3. Factually, change in circumstances merits modification.

On these findings, the trial court ordered:

1. Alimony payments abate as of Arthur V. Hughes' death, and in lieu thereof, defendant receives a lump sum equal to the entire value of his probatable estate, not to exceed $70,000; this in addition to the $22,500, in full settlement of all alimony claims. Impressed the assets of the estate with a lien to secure payment.

2. Terminated child support payments at the death of Arthur V. Hughes.

The trial court found that payment of alimony continues after death unless the decree provides otherwise, this decree did not so provide, and the parties to the divorce intended that alimony payments were to continue after death. On appeal, the parties thoroughly briefed the question of whether alimony payments abate on the death of the payor. We do not discuss this issue because we find it is not pertinent to decision.

Our *de novo* review convinces us that the parties to the divorce intended that in the event of Arthur V. Hughes' death, Patricia M. Hughes was to receive 37-1/2 months further alimony, or $22,500, and that was it as far as alimony is concerned. The whole structure of the judgment, the trust therein created, and the incorporation of the will and codicil demon-

strate this intent. While in so many words the judgment does not say alimony abates at death, the only inference to be drawn from the scheme devised by the parties is that Arthur V. Hughes would pay $600 per month alimony so long as he lived, unless the court amended this provision, but if he died, a further payment in a lump sum equal to 37-1/2 months at $600 ended the obligation.

Reversed and remanded for entry of an order requiring payment to defendant of $22,500. Further relief is not within our jurisdiction. No costs are allowed.

All concurred.